The opinion of the Court was delivered by
O’Neáll, J.
This case assumes a ground greatly beyond that of Guphill vs. Isbell, 2 Bail. 349. That merely decided that where a feme sole commenced an action of trover, and married ‘pendente lile, a replication to the plea of coverture puis darein continuance, confessing the marriage, but setting out that under the 16th section of the Act of 1712, she had constituted an attorney under hand and seal to prosecut ethe said suit, would prevent an abatement of the suit. The present case *563 assumes, that suob an act done at tbe beginning of a suit for personalty would defeat tbe marital rights of tbe husband.
Judge Harper in reasoning out bis conclusions in Gruphill vs. Isbell, points out in a single sentence tbe gist of tbe whole matter. “ The Act (he says, speaking of the 16th section of the Act of 1712,) certainly removes her disability to sue, in her own name, as a feme sole, upon the appointment of an attorney.”
This is all which the Act in words or intendment acom-plishes.
That personal property of the wife, to which ,she has a present legal right, vests, jure mariti, in the husband, is an undisputed legal maxim.
Mr. Eoper, in his excellent legal treatise on Husband and Wife, at page 166, tells us, that “ marriage is an absolute gift to the husband of all the goods, personal chattels and estate of which the wife was actually and beneficially possessed, at that time in her own right, and of such other goods, and personal chattels as come to herd uring the marriage.” 1 Rop. Hus. and Wife, 166.
Under this plain, well-settled principle, can there be a doubt that the cattle in dispute are the property of the husband ? That he and his wife have not for many years lived together cannot alter the law.
He may on demand and refusal, or other proof of conversion, unless barred by the statute of limitations, sue for and recover from these very defendants the value of the cattle now in dispute: and if this recovery could stand, it would be" no bar to his recovery.
For he may sue alone for his wife’s property accruing to her after marriage, 1 Eop. 210, So, too, it is plain from the principle stated in 1 Eoper, 166, he can sue alone for her personal property, at marriage.
The case of Saussy vs. Gardner, 1 Hill, 191, in which I delivered the opinion of the Court twenty-six years ago, *564 which ruled, as I am now holding, that “ where the wife has a legal estate, in personal chattels, and the right of immediate possession in severalty, the marital rights of the husband will attach and vest the property in him,” is a clear and decisive authority against the decision below.
This is not, as I understand, questioned now. But it was supposed that the power given to a wife to sue as a feme sole, by constituting an attorney, might so far overrule the husband’s legal estate in her goods as to permit her to recover.
This effect, however, cannot be given to the Act. The motion for a nonsuit is granted.
WhitNER, Glover, and MüNRO, JJ., concurred.
Withers AND Wardlaw, JJ.1
We construe the 16th section of the Act of 1712 -thus: that in all actions whatsoever in which, by the rules of the common law, the husband and wife must join or may join, the wife may bring her writ by virtue of this section. If such be not the interpretation, her right to bring her action will be limited to the class of cases wherein the husband would, at common law, be obliged to join her •name; and thus restrict very comprehensive words of a remedial statute within such bounds, that, in such cases as the present the statute of limitations, of five years, would bar the wife of interests which an obstinate, or'thriftless, or insolvent, or absent husband neglected; a result which does not seem to comport with the fair scope of the Act. It does not seem logical to test the question by the common law standard of marital rights, for the legislation is clearly an invasion and abrogation of the common law rule of pleading, and practice; nor does it seem congruous to dwarf the feme covert's rights, touching-personal actions, bestowed upon her on account of disability, while the Act of 1774 has enlarged her protection, touching real estate, until two years after the removal of her disability.

Motion granted.